**AMERICAN CANOE ASSOCIATION, INC., Plaintiff,**

v.

**CITY OF ST. ALBANS, et al., Defendants.**

**Civil Action No. 2:97–0938.**

United States District Court, S.D. West Virginia.

Sept. 3, 1998.

Thomas R. Michael, Michael & Kupec, Clarksburg, WV, David Bookbinder, General Counsel, American Canoe Association, Inc., Springfield, VA, Bruce J. Terris, Carolyn Smith Pravlik, Robert D. Parrish, Patricia L. Hurst, Sarah A. Adams, Danielle C. Fidler, Terris, Pravlik & Millian, Washington, DC, for American Canoe Association, Inc., plaintiff.

Richard L. Lewis, Patricia A. Collins, Steptoe & Johnson, Charleston, WV, for City of St. Albans, West Virginia, and, St. Albans Municipal Utility Commission, defendants.

Robert G. McLusky, Jackson & Kelly, Charleston, WV, for City of South Charleston, City of South Charleston Sanitary Bd., South Charleston Sewage Treatment Co., Union Carbide Corp., City of Princeton, WV, Princeton Sanitary Bd., City of Dunbar, City of Dunbar Sanitary Bd., Green Valley/Glenwood PSD, City of *logan*, WV, City of Logan Sanitary Bd.

### *ORDER*

HADEN, Chief Judge.

Pending is Defendants' motion for order prohibiting Plaintiff's counsel from directly communicating with Defendant and Defendants' manager and employees. After careful consideration, the Court **DENIES** the motion.

The Court notes that during litigation communications between parties are governed by Model Rule of Professional Conduct 4.2:

**Communication with Person Represented by Counsel:**

In representing a client, a lawyer shall not communicate about the subject matter of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer **or is authorized by law to do so.** (Emphasis added.)

Thus, generally, communications with a represented adverse party should proceed through that party's lawyer, pursuant to Model Rule 4.2.

Here, however, both Defendants are government agencies. Government remains the servant of the people, even when citizens are litigating against it. Thus, when citizens deal with government agencies, several sorts of direct contact are "authorized by law" and permissible. Official comment to Rule 4.2 notes:

Communications authorized by law include, for example, the right of a party to a controversy and a government agency to speak with government officials about the matter.

As interpreted in an American Bar Association Formal Ethics Opinion, this right to speak with government officials about a matter in controversy refers to the constitutionally protected right to petition the government and the derivative public policy of ensuring a citizen's right of access to government decision makers. *ABA Formal Op.* 97–408.

Additionally, statutory provisions may authorize communications with government officials. Freedom of information statutes, "sunshine" statutes, and "whistle blower" statutes "may have the effect of authorizing lawyers who represent clients in related disputes to receive information from the government employees without consent of or notice to government counsel assigned to the matter."[1] *Id.* at n. 5. Where such statutes have formal requirements for communications under the statute, those requirements must, of course, be met to assure that communications are, indeed, authorized by law.

 Information gathering under these citizen-access statutes does not extend, however, to materials produced incident to litigation. The federal Freedom of Information Act provides: "this section does not apply to matters that are ... inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 USC § 552(b)(5). Our Court of Appeals has held that "this open-ended exemption incorporates both the deliberative process and work-product privileges." *Virginia Beach v. United States Department of Commerce*, 995 F.2d 1247, 1251 (1993). This Court agrees that such a limit on citizens' rights to information about their government is necessary to preserve the attorney-client privilege and opinion-work product privileges, which are given protection in Model Rule 4.2.

 To ensure that information gathering under citizen-access statutes such as freedom of information act does not undermine orderly discovery procedures in pending cases, the Court HOLDS that Plaintiff must prepare and sign off on an inventory of any materials received from Defendant government agencies by such procedures. The list also must be provided to Defendants within the discovery deadlines scheduled by the Court.

---

**1.** Where Model Rule 4.2 does not apply to bar such ex parte communications, the requirements of Model Rules 4.3 and 4.4 should be met. *Id.*